Coulter, Frasier, Bolton, Bird & Ventre (Joanne Van Dyke, of counsel), Syracuse, NY, for Plaintiff.

Hon. Dennis C. Vacco, Office of Atty. Gen., (Louis J. Tripoli, Asst. Atty. Gen., of counsel), Albany, NY, for Defendants.

Anthony N. ZACCARO, Plaintiff,

v.

The State of NEW YORK; State of New York Division of Military Affairs; State of New York Air National Guard; and General John Fenimore, Defendants.

No. 96–CV–1169 (FJS).

United States District Court, N.D. New York.

Oct. 15, 1997.

**MEMORANDUM–DECISION AND ORDER**

SCULLIN, District Judge.

**Introduction**

This action arises from the conduct of several commissioned officers serving in 174th Fighter Wing of the New York State Air National Guard known as "the Boys from Syracuse." Plaintiff, Captain Anthony Zaccaro, is a F–16 fighter pilot who was assigned to the 174th during the time period relevant to this action. Plaintiff alleges that a female pilot in the 174th subjected him to offensive and injurious conduct. Specifically, he alleges that on different occasions Major Jacque-

lyn S. Parker would pat or pinch his buttocks, rub his back, put her arm around his shoulders, and call him names. Plaintiff further alleges that his superior officers had knowledge of this conduct and failed to take action. When Major Parker subsequently implicated the Plaintiff in a completely different sexual harassment investigation, the Plaintiff alleges that his superiors wrongfully re-assigned him to non-flying duties. Based on these factual allegations, the Plaintiff alleges multiple constitutional and statutory civil rights and tort claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 1983, New York Human Rights Law, and New York common law.

Presently before the Court is the Defendants' motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

### Discussion

Defendants argue in their submissions that the Plaintiff's tort claims are barred by the doctrine of inter-military immunity set forth in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Defendants further argue that the Plaintiff's constitutional or statutory civil rights claims are barred by the *Chappell v. Wallace* doctrine. 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (holding that military personnel cannot pursue actions seeking damages from superior officers in *Bivens* actions). Defendants further argue that Title VII does not apply to military personnel. *See Frey v. California,* 982 F.2d 399 (9th Cir.1993). Finally, Defendants argue that the Court lacks subject matter jurisdiction because the Plaintiff has failed to exhaust the administrative remedies available to him as a member of the National Guard. *See Mindes v. Seaman,* 453 F.2d 197, 201 (5th Cir.1971) (finding that before a district court can review the justiciability of a military matter, the court must find that the soldier exhausted all intra-service remedies).

The Plaintiff has failed to respond to the Defendants' motion as required by General Order # 41 of the Local Rules of the Northern District of New York.[1] Since the filing of Defendants' motion in March of 1996, Plaintiff has neither attempted to file opposition papers to this motion, nor provided the Court with "cause" for his failure to do so. Local Rule 7.1(b)(3) specifies that "failure to file or serve any papers as required by this Rule shall, unless for good cause shown, be deemed by the Court as consent to the granting or denial of the motion, as the case may be." As the Plaintiff's failure to oppose the Defendants' motion is a gross violation of the local rules, and "good cause" has not been shown, the Court grants the Defendants' motion and dismisses the Plaintiff's complaint.

Furthermore, the Court finds that even without the Plaintiff's procedural default, the Court would not have subject matter jurisdiction to entertain the action based upon the authority submitted by the Defendants.

### Conclusion

Therefore, after considering the submissions before the Court, and the applicable law on this matter, it is hereby ORDERED that the Defendants' motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

---

1. General Order # 41 is now incorporated into Local Rule 7.1(b)(1).